UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SANDRA S. o/b/o V.S.,

                                                                                                      <u>DECISION AND ORDER</u>

                             Plaintiff,

                                                                                                      21-CV-6464L

                v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                             Defendant.
_____

        Plaintiff, on behalf of her minor daughter, V.S. ("claimant"), appeals from a denial of supplemental security income benefits by the Acting Commissioner of Social Security ("the Commissioner"), based on the Commissioner's finding that V.S. was not disabled.

        Plaintiff protectively filed an application for supplemental security income on V.S.'s behalf on August 28, 2018, alleging disability as of November 1, 2008. That claim was initially denied. Plaintiff requested a hearing, which was held on April 7, 2020, via teleconference with Administrative Law Judge ("ALJ") Todd S. Holbrook. (Dkt. #7 at 24). On April 22, 2020, the ALJ issued a decision concluding that V.S. was not disabled. (Dkt. #7 at 24-33). That decision became the final decision of the Acting Commissioner when the Appeals Council denied review on June 1, 2021. (Dkt. #7 at 1-3). Plaintiff now appeals.

        Plaintiff has moved for remand of the matter for further proceedings (Dkt. #10), and the Commissioner has cross moved for judgment on the pleadings (Dkt. #15), pursuant to Fed. R. Civ. Proc. 12(c). For the reasons that follow, I find that the decision appealed from was not supported

by substantial evidence and was the product of legal error, and that remand for further proceedings is appropriate.

## DISCUSSION

### I.   Relevant Standards

Because the claimant is a child, a particularized, three-step sequential analysis is used to determine whether she is disabled. First, the ALJ must determine whether the claimant is engaged in substantial gainful activity. *See* 20 CFR §416.924. If so, the claimant is not disabled. If not, the ALJ proceeds to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act. If not, the analysis concludes with a finding of "not disabled." If the claimant has one or more severe impairments, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment. If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §416.924), the claimant is disabled. If not, she is not disabled. In making this assessment, the ALJ must measure the child's limitations in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for herself; and (6) health and physical well-being. Medically determinable impairments will be found to equal a listed impairment where they result in "marked" limitations in *two or more* domains of functioning, or an "extreme" limitation in one or more. 20 CFR §§416.926a(a), (d) (emphasis added).

The Commissioner's decision that V.S. is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

**II.     The ALJ's Decision**

The ALJ initially found that since the August 28, 2018 application date, V.S. (14 years old at the time of the application) has had the severe impairments of autism spectrum disorder and attention deficit hyperactivity disorder ("ADHD"). (Dkt. #7 at 25). The ALJ proceeded to analyze whether V.S. has any "marked" or "extreme" limitations in any of the six domains of functioning.

Based on the medical, educational and testimonial evidence presented, the ALJ concluded that V.S. had a less than marked limitation in acquiring and using information, a less than marked limitation in attending and completing tasks, a marked limitation in interacting and relating with others, no limitation in moving about and manipulating objects, a less than marked limitation in caring for herself, and no limitations in health and physical well-being. The ALJ accordingly concluded that V.S. was "not disabled." (Dkt. #7 at 27-32).

**III.    First Domain: Acquiring and Using Information**

Plaintiff initially argues that the ALJ failed to address evidentiary gaps in the record, particularly with respect to the domain of acquiring and using information, and reached a finding that was unsupported by substantial evidence.

The Court concurs. Initially, "[i]n light of the non-adversarial nature of benefits proceedings, where there is a gap in the record, the ALJ must affirmatively develop evidence to fill it." *Cunningham v. Berryhill*, 2019 U.S. Dist. LEXIS 149411 at *16 (W.D.N.Y. 2019). While it was clear from the record the V.S. was on an individualized education plan ("IEP") that placed her in a highly supportive special education setting, the record contained no evidence whatsoever concerning V.S.'s academic performance, such as grade reports or other objective assessments. Although the ALJ made the conclusion that V.S. "does well in school," the circumstantial evidence of V.S.'s grades appeared to contradict that finding. (Dkt. #7 at 30). V.S.'s mother stated that V.S.

3

performed "below average to average within all areas of academic testing" and was "failing" classes, and a school psychologist reported that V.S. had intellectual functioning in the "low average" range, and "academic skills . . . functionally in below average ranges in all areas." (Dkt. #7 at 27-30, 284-87).

While the Commissioner argues that the inclusion of IEP reports and progress notes was "more than adequate" to provide the ALJ with sufficient evidence to make a decision about V.S.'s ability to understand, remember, and apply information, the Court disagrees. To the contrary, that evidence reflects that V.S.'s performance on standardized tests was typically below average, notwithstanding receipt of extensive special education services, and otherwise assesses V.S. largely with reference to the specific aspirational goals of her IEP, with little insight into her overall academic performance. (Dkt. #7 at 149-63, 167-68, 430-40).

Because the ALJ failed to complete the record with respect to V.S.'s academic performance, such that he was unable to reach a determination based on substantial evidence, remand is necessary. Indeed, courts have routinely remanded similar matters, even where the gap in school records or grade reports comprised only portion of the period under consideration. *See Catherine M. v. Commissioner*, 2021 U.S. Dist. LEXIS 158270 at *8 (W.D.N.Y. 2021)(where record contained no grade reports or other academic assessments, ALJ had a duty to complete the record before well-supported findings could be made concerning the child's functioning in any of the domains). *See also Donohue v. Commissioner*, 2020 U.S. Dist. LEXIS 58803 at *16-*17 (W.D.N.Y. 2020)(remand is necessary to address "glaring" four-year gap in grade reports for special education student, as well as consider the effect of the claimant's highly structured setting on the claimant's ability to function); *Rodriguez v. Commissioner*, 2018 U.S. Dist. LEXIS 111043

at *9 (W.D.N.Y. 2018)(remand is appropriate where record did not contain complete educational records).

Even if the record had not contained a clear evidentiary gap with respect to V.S.'s educational performance, the ALJ also failed to reconcile "persuasive" opinion evidence that V.S.'s limitations in the first domain were "moderate to marked," with his determination that they were "less than marked." Consulting psychiatrist Dr. Amana Slowik evaluated V.S. on December 4, 2018, and opined, in addition to other limitations, that her abilities to *understand, remember and apply complex directions and instructions*, adequately maintain appropriate social behavior, respond to changes in the environment, *learn in accordance with cognitive functioning*, and interact adequately with peers and adults, were all "moderately to markedly" limited. (Dkt. #7 at 413-17)(emphasis added).

While the ALJ found Dr. Slowik's opinion "persuasive" and accordingly determined that V.S.'s limitations in the domain of interacting and relating with others were "marked," the ALJ provided no explanation as to why Dr. Slowik's opinion that V.S. had equally severe limitations in the ability to understand and apply complex instructions, and learn in accordance with cognitive functioning, did not support a corresponding finding of "marked" limitations in the domain of acquiring and using information.

Similarly, the ALJ purported to credit the assessments of consulting psychologists Dr. Hollace Donner, and Dr. Jeffrey Donner, who evaluated V.S. and found that she had "borderline functioning" with respect to self-care tasks, and severe delays in all other areas. (Dkt. #7 at 181-94). The ALJ interpreted these findings as suggestive "that the claimant's limitations are significant, but not at a level consistent with marked (with exception to social interaction)" – a conclusion that is not further explained, and appears to have resulted from an improper layperson

interpretation of raw psychological test findings. (Dkt. #7 at 32). As such, I find that the ALJ's failure to sufficiently explain his reasoning with respect to the weighing and interpretation of the opinions and IQ assessments of record also comprises reversible error.

Nor can the ALJ's errors be said to be harmless: if after review of a complete record the ALJ were to determine that V.S. had "marked" or greater limitations in the first, or any other domain, in addition to the marked limitations he already determined in the domain of interacting and relating with others, the regulations would compel a finding of disability. 20 CFR §§416.926a(a), (d).

## CONCLUSION

For the foregoing reasons, I find that the ALJ's decision is not supported by substantial evidence, and was the product of legal error. The plaintiff's motion for judgment on the pleadings directing a remand (Dkt. #10) is granted, the Commissioner's cross motion for judgment on the pleadings (Dkt. #15) is denied, and the matter is remanded for further proceedings. On remand, the ALJ is directed to complete the record with respect to V.S.'s academic performance, to reevaluate the record with due deference to the proper standards (including those applicable to the evaluation of opinion evidence, and the need to consider the effects of the claimant's highly structured educational setting on her ability to function), and render a new decision.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 16, 2023.